UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DRINA GEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cv-01163-RCJ-CWH |
| vs. | ) | |
| | ) | |
| COSTCO WHOLESALE CORP., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This is a slip-and-fall case. Pending before the Court is a Motion to Dismiss (ECF No. 7). Plaintiff has not timely responded. For the reasons given herein, the Court denies the motion but will order Plaintiff to make a more definite statement.

## I.     FACTS AND PROCEDURAL HISTORY

On or about July 24, 2012, Plaintiff Drina Geary slipped and fell at a store owned by Defendant Costco Wholesale Corp. ("Costco") in Las Vegas, Nevada due to a dangerous and non-obvious condition on the property of which Defendant knew or should have known but failed to make safe or warn. (Compl. ¶¶ 5–10, June 11, 2013, ECF No. 1, at 7). Plaintiff sued Defendant for negligence in state court. Defendant removed in diversity and has now moved to dismiss for failure to state a claim.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

Defendant argues that Plaintiff has failed to state a claim because she has only alleged the date and location of the store at which the fall occurred but not more specific conditions concerning the fall. The Court finds that Plaintiff has satisfied Rule 8(a) as to a landowner negligence claim. However, Defendant is entitled to a more definite statement.

The Nevada Supreme Court has adopted the Third Restatement's standard of care for landowner duties:

> [A] land possessor owes a duty of reasonable care to entrants on the land with regard to:
>
> (a) conduct by the land possessor that creates risks to entrants on the land;
>
> (b) artificial conditions on the land that pose risks to entrants on the land;
>
> (c) natural conditions on the land that pose risks to entrants on the land; and
>
> (d) other risks to entrants on the land when any of the affirmative duties . . . is applicable.

*Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 155 (Nev. 2012) (quoting Restatement (Third) of Torts: Physical and Emotional Harm § 51 (2012)) (alterations in original). The open and obvious nature of a hazard no longer operates as a complete defense; it is simply an issue relevant to comparative negligence, *id.* at 156, and negligence is generally for the fact-finder, *id.* at 153 (citing *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997)). Plaintiff has sufficiently alleged negligence under Rule 8(a). She need not allege with particularity the nature of the alleged unsafe condition, her precise injuries, etc. But the allegations are vague enough to

require a more definite statement under Rule 12(e). Most notably, Plaintiff has not identified the store at which she allegedly fell, and there is more than one Costco store in Las Vegas, Nevada. Defendant cannot reasonably prepare a response without allegations at least identifying the store where the fall allegedly occurred so Defendant may inquire with the employees there as to their knowledge of any incidents on that day.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall FILE a more definite statement pursuant to Rule 12(e) alleging at least the location of the store, the approximate time of day of the incident, and the general nature of the hazard, to enable Defendant to reasonably prepare an Answer.

IT IS FURTHER ORDERED that the time to answer is TOLLED from the date the present Motion was filed until the date Plaintiff files the required statement.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge